IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEAN M. DONAHUE,** | : | Civil No. 1:18-cv-0839 |
| **Plaintiff,** | : | |
| v. | : | |
| **DAUPHIN COUNTY, et al.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## <u>M E M O R A N D U M</u>

Before the court is a report and recommendation filed by the magistrate judge (Doc. 15) in which he addresses the complaint filed by Plaintiff Sean M. Donahue pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate judge recommends that the complaint be dismissed for failure to state a claim upon which relief can be granted. The court will adopt the report and recommendation.

### I. <u>Background</u>

The complaint names the following defendants: (1) Dauphin County; (2) Dauphin County Prison; (3) the Pennsylvania State Capital Police; (4) the Pennsylvania Department of General Services; (5) Katie Lynn Adam, the prosecutor in Donahue's criminal case; (6) Richard C. Schur, a state capital police officer who prepared the criminal complaint that initiated criminal charges against Donahue; (7) Gregory L. Budman, a state capital police officer whose name appears on certain documentary evidence used in the state criminal proceedings;

(8) Lisa M. Sauder, General Counsel of the Pennsylvania Department of Labor and Industry; (9) Elaine B. Stalfa, an employee of the Pennsylvania Department of Labor and Industry; (10) Mary Jane McMillian, an employee of the Pennsylvania Human Rights Commission; and (11) Heather Roth, an employee of the Pennsylvania Human Rights Commission.

The complaint is a 205-page, 290-count document. Counts 1 through 136, 289 and 290 are allegations filed pursuant to 42 U.S.C. § 1983 that involve proceedings at a preliminary hearing on July 2, 2015, and a criminal trial held before the Court of Common Pleas for Dauphin County, Pennsylvania on April 18 and 19, 2016. Donahue was found guilty of two counts of harassment and sentenced to an aggregate term of two years probation. His conviction and sentence was affirmed by the Pennsylvania Superior Court. The Pennsylvania Supreme Court denied allocatur. There is a petition for certiorari pending before the United States Supreme Court. (Doc. 15, p. 2.)

The remaining allegations arise out of Donahue's contact with employers of the Pennsylvania Department of Labor and Industry, Pennsylvania Human Rights Commission, and the Pennsylvania Department of General Services. Donahue alleges a violation of the First Amendment's right to free speech over incidents that occurred between 2010 and 2015 involving individuals who appeared as witnesses at his trial.

**II.     Discussion**

**A. Section 1983 Claims**

The magistrate judge opined that claims arising out of the testimony and evidence presented at Donahue's criminal proceedings are not cognizable under § 1983 pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held "that in order to recover damages for allegedly unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court broadened the rule to encompass equitable remedies. *Id.* at 82.

Donahue argues that the *Heck* doctrine is overly broad and repugnant to the United States Constitution and cites *Scott v. Sandford*, 60 U.S. 393 (1857) and *Marbury v. Madison*, 5 U.S. 137 (1803). However, this court is not aware of any court that has held that the *Heck* doctrine is no longer viable.

Donahue also argues that he is asserting causes of action under 42 U.S. Code §§ 1981, 1983, 1985, 1986, and 1981, as well as claims for "440 Other Civil Rights, 441 Voting, 442 Employment, 555 Prison Condition, 320 Assault, Liber,

3

Slander," and that *Heck* does not apply to these claims. However, the thrust of counts 1 thru 136, 289 and 290 are claims alleging an unfair trial to which *Heck* clearly applies. These claims will be dismissed.

   **B. State Actors**

Counts 136 thru 288 involve Donahue's interaction with state employees and assert violations of his First Amendment right to free speech. The claims against Sauder, Stalfa, McMillian, and Roth arose between 2010 and 2015 and involve Donahue's interaction with the Pennsylvania Department of Labor and Industry and the Pennsylvania Human Rights Commission. Donahue's complaint was filed on April 18, 2018, which is after the expiration of the two year statute of limitations. In addition, these defendants are entitled to immunity as they served as witnesses at Donahue's trial. Accordingly, these counts will be dismissed.

   **C. Other Factors**

The Pennsylvania State Capital Police and the Pennsylvania Department of General Services are entitled to Eleventh Amendment immunity as arms of the state. Defendant Adams is entitled to prosecutorial immunity. Defendant Budman had no personal involvement in the proceedings, which Donanue acknowledged. Dauphin County and Dauphin County Prison are dismissed as there have been no allegations that there is any policy by either agency for which they may be vicariously liable for the conduct of their subordinates.

**III.     Conclusion**

Based on the foregoing as well as the court's review of the report and recommendation, the complaint will be dismissed in its entirety with prejudice, as any amendment would be futile.

An appropriate order will be entered.

                                          s/Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: July 2, 2018